UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA D. LAMBERT,

          Plaintiff,

   v.

ROBERT S. MCKAY et al.,

          Defendant.

Case No. C19-1829-BJR-SKV

ORDER GRANTING DEFENDANT'S MOTION TO AMEND THE CASE SCHEDULING ORDER

      Plaintiff, Joshua D. Lambert, proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Defendant Island County's motion to amend the case scheduling order. Dkt. 75. Plaintiff opposes the motion. Dkt. 80. Defendant has filed a reply. Dkt. 81.

      Defendant's motion seeks to extend the deadline to file dispositive motions from November 1, 2021, to January 1, 2022. Dkts. 75, 76. Defense counsel indicates that on October 4, 2021, he received Plaintiff's responses to Defendant's First Interrogatories and Requests for Production. *Id.* Defense counsel asserts that several of Plaintiff's responses were incomplete or contained unfounded objections. *Id.* Defense counsel indicates that, at the time he filed the instant motion, he had left several messages with Plaintiff's Department of Corrections counselor

ORDER GRANTING DEFENDANT'S
TO AMEND THE CASE SCHEDULING ORDER -
1

at Washington State Penitentiary but had not yet received a call back from Plaintiff. *Id.* Defense counsel indicates that because Plaintiff had not responded to his calls when he filed the instant motion, he had not yet been able to meet and confer with Plaintiff regarding these issues. *Id.* Defense counsel indicates that "once a conference can be arranged under Fed. R. Civ. P. 37(a)(1)" Defendant intends to file a motion to compel. *Id.* Due to these outstanding discovery issues, Defense counsel indicates that Defendant has been unable to obtain the information necessary to file its summary judgment motion by the November 1, 2021, deadline. *Id.*

Plaintiff opposes Defendant's motion. Dkt. 80. Plaintiff cites "Rule 56(f)" in support of his opposition and argues that Defendant has not shown it needs the discovery it seeks in order to support its summary judgment motion. *Id.* However, Fed. R. Civ. P. 56(f)[1] is not applicable here. Furthermore, to the extent Plaintiff intends to rely on Fed. R. Civ. P. 56(d), that provision is likewise not applicable. Fed. R. Civ. P. 56(d) provides that where a motion for summary judgment is pending and the non-movant can show by affidavit or declaration that it is unable to present facts essential to justify its opposition to the motion, the Court may: defer consideration or deny the motion; allow time to obtain affidavits or declarations or take discovery; or issue any other appropriate order. Here, neither party has filed a summary judgment motion that is currently pending. Rather, Defendant seeks to modify the case schedule on the grounds that there are outstanding discovery-related issues which need to be resolved prior to the filing of dispositive motions. Dkt. 75. Pursuant to Fed. R. Civ. P. 16(b) and Local Civil Rule (LCR) 16(b), the case schedule may be modified for good cause and with the Judge's consent. As there

---

[1] Fed. R. Civ P. 56(f) provides:
**Judgment Independent of Motion.** After giving notice and a reasonable time to respond, the court may:
**(1)** grant summary judgment for a nonmovant;
**(2)** grant the motion on grounds not raised by a party; or
**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

ORDER GRANTING DEFENDANT'S MOTION
TO AMEND THE CASE SCHEDULING ORDER -
2

appear to be outstanding discovery issues remaining in the case at this time[2], and it appears Defendant has been diligent in attempting to resolve those issues, the Court finds that Defendant has shown good cause for an extension of the dispositive motion deadline.[3]

The Court also notes that in the conclusion section of Defendant's motion, Defendant asks the Court to issue an order requiring the Plaintiff to "fully and fairly answer Defendant's discovery within ten days, and to award Defendant its costs and reasonable attorney's fees incurred in the bringing of this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A)." Dkt. 75. However, this is not the relief requested in the body of Defendant's motion which only seeks an extension of the dispositive motion deadline. *Id.* In fact, Defendant appears to concede that at the time the instant motion was filed, it had not yet fully satisfied the "meet and confer" prerequisite for filing a motion to compel under Fed. R. Civ. P. 37(a).[4] *See* Dkt. 75, at 4 (Indicating Defendant intends to file a motion to compel "once a conference can be arranged under Fed. R. Civ. P. 37(a)(1)."). Furthermore, Defendant subsequently filed a separate motion

---

[2] The Court notes that it takes no position on the merits of the discovery issue itself at this time.

[3] The Court notes that Defendant has now filed a motion to compel which is noted for the Court's consideration on November 5, 2021. Dkt. 78.

[4] Fed. R. Civ. P. 37(a) provides, in relevant part:
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Similarly, Local Civil Rule (LCR) 37 provides, in relevant part:
> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

ORDER GRANTING DEFENDANT'S MOTION
TO AMEND THE CASE SCHEDULING ORDER - 3

to compel which seeks this same relief. Dkt. 78. Accordingly, to the extent Defendant seeks to compel discovery responses in the instant motion, Dkt. 75, the request is DENIED as premature. The Court will consider Defendant's request to compel in the context of Defendant's subsequently filed motion to compel.

Accordingly, it is hereby ORDERED:

(1) Defendant's request to amend the scheduling order, Dkt. 75, is GRANTED. The dispositive motion deadline is extended to **January 3, 2022**.[5]

(2) To the extent Defendant seeks to compel discovery responses in the instant motion, Dkt. 75, the request is DENIED as premature. The Court will consider Defendant's request to compel in the context of Defendant's subsequently filed motion to compel.

(3) The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 2nd day of November, 2021.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

---

[5] The Court notes that Defendant requested an extension to January 1, 2022. Dkt. 75. However, because January 1, 2022, is a holiday, the Court will extend the deadline to January 3, 2022.

ORDER GRANTING DEFENDANT'S MOTION
TO AMEND THE CASE SCHEDULING ORDER -
4