UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA D. LAMBERT,

                    Plaintiff,

        v.

ROBERT S. MCKAY et al.,

                    Defendant.

Case No. C19-1829-BJR-SKV

ORDER GRANTING IN PART AND
DENYING WITHOUT PRJEUDICE IN
PART DEFENDANT'S MOTION TO
COMPEL AND FOR EXPENSES

        This is a 42 U.S.C. § 1983 prisoner civil rights action.  Currently pending before the
Court is Defendant Island County's motion to compel responses to several Interrogatories and
Requests for Production and Defendant Island County's request for reasonable expenses incurred
in bringing the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).  Dkt. 78.  Plaintiff has filed a
response and Defendant has filed a reply.  Dkts. 83, 84.  Having considered the parties'
submissions, the balance of the record, and the governing law, the Court GRANTS IN PART and
DENIES WITHOUT PREJUDICE WITH LEAVE TO RENEW IN PART Defendant's motion,
Dkt. 78.

<u>BACKGROUND</u>

Plaintiff and Defendants previously filed motions seeking judgment on the pleadings. Dkts. 16, 40.  In a Report and Recommendation dated November 9, 2020, the Honorable Mary Alice Theiler recommended that Plaintiff's motion for a partial judgment on the pleadings, Dkt. 16, be denied and Island County Defendants' motion for a judgment on the pleadings, Dkt. 40, be granted and that the complaint be dismissed with prejudice as to all federal constitutional claims and without prejudice as to Plaintiff's state law claims.  Dkt. 53.  By order dated May 21, 2021, the Honorable Barbara J. Rothstein adopted in part and declined to adopt in part Judge Theiler's Report and Recommendation.  Dkt. 67.  Judge Rothstein stated:

> The Court […] adopts the recommendations of the R&R except as follows: Defendants' Motion for Judgment on the Pleadings for dismissal of Count 1 is denied. Plaintiff's Motion for Judgment on the Pleadings on Count 1 is also denied. For the reasons outlined herein and in the R&R, all other claims in the Complaint are dismissed.
>
> The Court re-refers this case to the magistrate judge for further proceedings consistent with this order.

Dkt. 67.

In her May 21, 2021, order, Judge Rothstein summarized Plaintiff's allegations in the remaining Count I of the complaint as follows:

> In Count 1 of the Complaint, Plaintiff asserts that his "right to speech was violated because of a jail policy that forbade any and all speech items printed off the internet, . . . whether or not there was a legitimate penological interest." Compl., ¶ 1.1, Dkt. No. 6. The Complaint refers to the ICCF Inmate Manual, Appendix B, "6.1.0 Incoming Mail," which provides, in part, "Books, magazines, and newspapers will be accepted if it [*sic*] comes directly from the Publisher, Book Club, or retailer through the mail. . . . Computer generated (downloaded material) books, magazines, photos, and newspapers will not be accepted." *Id.*, ¶ 1.6; *see also* Suppl. Ex., Dkt. No. 37, at 11.
>
> The Plaintiff alleges that despite the written policy being limited on its face to books and other specific types of "downloaded material" from the internet, Defendants' practice is in fact to prohibit "all internet print-outs." Compl., ¶ 1.4 ("This was confirmed to me by many [at] ICCF, and at least [Defendant] Lt. Becker."). Plaintiff concedes that he has "received permission for legal related print outs from the internet," but claims that this exception does not cure other defects in the practice, under which he does "not have access to print outs related to my mental health and other types of reading in general." *Id.*, ¶ 1.10.

Dkt. 67, at 5.  Judge Rothstein also explained her decision denying both parties' motions

for judgment on the pleadings with respect to Count I of the complaint, stating:

> [I]t remains unclear from the record what Defendants' actual *practice* is regarding
> "internet printouts." Under *Monell v. Department of Social Services of New York*,
> municipalities "may be sued for constitutional deprivations visited pursuant to
> governmental 'custom' even though such a custom has not received formal approval
> through the body's official decisionmaking channels." 436 U.S. 658, 690–91 (1978).
> Furthermore, Defendants' assertion that "publications, magazines or newspapers" must
> come directly from the publisher does not answer the question of what the jail's policy or
> practice is towards other types of materials (*e.g.*, photographs, letters, unpublished
> written materials) printed from the internet. It is not possible to rule on the
> constitutionality of a policy or practice—in favor of either party—where the contours of
> that policy or practice (and not just the as-written "official policy") are in dispute and
> have not been clearly articulated to the Court.

Dkt. 67, at 6-7.

DISCUSSION

**A.    Motion to Compel**

Defendant, Island County, moves to compel responses from Plaintiff with respect to

several Interrogatories and Requests for Production.  Dkt. 78.

A party may obtain discovery regarding any nonprivileged information that is relevant to

any claim or defense in their case.  Fed. R. Civ. P. 26(b)(1).  When determining whether

evidence is discoverable, the Court must also consider "whether the burden or expense of the

proposed discovery outweighs its likely benefits."  *Id*.  Once the party seeking discovery has

established the request meets this relevancy requirement, "the party opposing discovery has the

burden of showing that the discovery should be prohibited, and the burden of clarifying,

explaining or supporting its objections."  *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal.

May 14, 2009).  When a party believes the responses to their discovery requests are incomplete,

or contain unfounded objections, they may move the court for an order compelling disclosure.

Fed. R. Civ. P. 37.  The movant must show he conferred, or made a good faith effort to confer,

with the party opposing disclosure before seeking court intervention.  *Id*.

1         *a.*     *Interrogatories*

2         An interrogatory may relate to any matter that may be inquired into under Rule 26(b).

3 Fed.R.Civ.P. 33(a)(2) (quotation marks omitted).  An interrogatory is not objectionable merely

4 because it asks for an opinion or contention that relates to fact or the application of law to fact.

5 *Id.*  Parties are required to respond to interrogatories to the fullest extent possible under oath.

6 Fed.R.Civ.P. 33(b)(3).  Any objections must be stated with specificity.  Fed.R.Civ.P. 33(b)(4);

7 *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party should use

8 common sense and reason in responding to interrogatories.  *See, e.g., Collins v. Wal–Mart*

9 *Stores, Inc.,* No. 06–2466–CM–DJW, 2008 WL 1924935, *8 (D.Kan. Apr. 30, 2008).  While a

10 responding party is not generally required to conduct extensive research to answer an

11 interrogatory, a reasonable effort to respond must be made.  *L.H. v. Schwarzenegger,* No. S–06–

12 2042 LKK GGH, 2007 WL 2781132, *2 (E.D.Cal. Sep.21, 2007).  The responding party also has

13 a duty to supplement any responses if the information sought is later obtained or the response

14 provided needs correction.  Fed.R.Civ.P. 26(e)(1)(A).

15         Here, Defendant seeks to compel responses to Interrogatories 2-6, and 8.  *See* Dkt. 78,

16 Dkt. 79, at 8-25.  The relevant Interrogatories, responses, and the Court's rulings are set forth

17 below:

18 **<u>Interrogatory 2</u>:**

19         "Identify all evidence, whether documentary or testimonial, upon which you rely, or upon

20 which you will rely, in establishing that the Island County Correctional Facility had or

21 maintained an official practice or policy of denying any and all items printed off the internet to

22 inmates in its custody."

23 *//*

1    **Response:**

2         **"**Objection. I do not have to state what I will rely on. Also, work product."

3    **Ruling:**

4         Defendant's motion to compel is granted.  Plaintiff's objections are overruled.  In his

5    response to Defendant's motion, Plaintiff argues he does not have to provide this information

6    because witness lists and evidence he plans to produce at trial are not proper for discovery but

7    are instead only proper for pre-trial disclosures and the joint pre-trial statement.  Dkt. 83.  The

8    Court does not find this argument persuasive.  Nothing in the provisions in the Federal Rules

9    governing pre-trial disclosure appears to limit the scope of available discovery under Fed. R.

10   Civ. P. 26(b).  The information Defendant seeks is relevant to the claims and defenses in the

11   case, specifically, whether Defendant maintained an official practice or policy of denying all

12   items printed off the internet to inmates in its custody.  *See* Fed. R. Civ. P. 26(b).

13        Furthermore, although Plaintiff also argues this information is "work product", he offers

14   no explanation as to why the information would constitute work product.  Rather, the

15   information sought appears to concern basic facts relevant to Plaintiff's claim which would not

16   appear, on their face, to constitute work product.  *Simmons v. Adams*, No. 1:10-CV-01259-LJO,

17   2013 WL 2995274, at *2 (E.D. Cal. June 14, 2013) (work product doctrine would not apply to

18   shield information which concerns very basic facts relevant to Plaintiff's claim such as identity

19   of witnesses); *see Hurst v. City of Rehoboth Beach*, No. CIV A 03-362 KAJ, 2006 WL 3366389,

20   at *3, 2006 U.S. Dist. LEXIS 84901 at *10 (D. Del. Nov. 21, 2006) ("work product doctrine and

21   the attorney-client privilege do not permit someone to shield factual information"); *Vinton v.*

22   *Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 663 (D. Colo. 2005) (documents were not covered

23   by the work product doctrine simply because they were "based on [plaintiff's] investigations of

1    the facts of the case before bringing it *pro se*").  Moreover, as discussed below, Plaintiff fails to

2    describe the nature of the information sufficiently for the Court or the Defendant to assess his

3    claim that the information is privileged or otherwise protected.

4            The work product doctrine protects documents and tangible things from discovery if they

5    were prepared by a party or his attorney in anticipation of litigation.  Fed.R.Civ.P. 26(b)(3)(A).

6    A party asserting the work product doctrine bears the burden of establishing that the information

7    or documents it seeks to withhold were prepared in anticipation of litigation.  *U.S. v.*

8    *ChevronTexaco Corp.,* 241 F.Supp.2d 1065, 1080–81 (N.D. Cal. Sept. 12, 2002).  "Merely

9    providing a boilerplate assertion of privilege [or protection] is insufficient."  *Rogers v. Giurbino*,

10   288 F.R.D. 469, 480 (S.D. Cal. 2012) citing *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court,*

11   408 F.3d 1142, 1147 (9th Cir. 2005); *Muhammad v. California*, No. CV 18-4017 JAK (SS),

12   2019 WL 6315536, at *10 (C.D. Cal. Sept. 19, 2019) ("Indeed, boilerplate assertions of any type,

13   including assertions of attorney-client privilege and the work product doctrine, are improper in

14   federal court.").

15           When claiming a privilege or work product objection, a party must adequately describe

16   the withheld material without revealing privileged or protected information to allow the

17   propounding party to assess the objection.  Fed.R.Civ.P. 26(b)(5)(A)(ii).  Specifically, Fed. R.

18   Civ. P. 26(b)(5) provides that "when a party withholds information otherwise discoverable by

19   claiming that the information is privileged or subject to protection as trial-preparation material,

20   the party must: (i) expressly make the claim; and (ii) describe the nature of the documents,

21   communications, or tangible things not produced or disclosed –and do so in a manner that,

22   without revealing the information itself privileged or protected, will enable other parties to assess

23   the claim."  The advisory committee notes to Rule 26(b)(5) state that withholding otherwise

discoverable materials on the basis that they are privileged or subject to the work product

doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the

nature of the information so as to enable them to assess the claim "may be viewed as a waiver of

the privilege or protection."  Fed. R. Civ. P. 26(b)(5) advisory committee's comment.

In *Burlington Northern & Santa Fe Station v. United States District Court for the District of Montana,* 408 F.3d 1142, 1149 (2005), the Ninth Circuit provided guidance for determining whether a party had adequately supported an attorney-client privilege objection to a Rule 34 request for production, or whether the privilege was waived.  Specifically, the Ninth Circuit instructed courts to look to the following factors in determining whether a waiver has occurred: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged;" (2) "the timeliness of the objection and accompanying information about the withheld documents;" (3) "the magnitude of the document production;" and (4) "other particular circumstances of the litigation that make responding to discovery unusually easy...or unusually hard."  *Burlington,* 408 F.3d at 1149.  In evaluating these factors, the Ninth Circuit indicated that courts should apply them "in the context of a holistic reasonableness analysis."  *Id*; *see Bosley v. Valasco*, No. 114CV00049MJSPC, 2016 WL 1704159, at *6 (E.D. Cal. Apr. 28, 2016), *modified*, No. 114CV00049MJSPC, 2016 WL 2756590 (E.D. Cal. May 12, 2016).

Here, Plaintiff merely provides a boilerplate assertion of "work product", which is insufficient.  Moreover, here, the balance of the *Burlington* factors weighs in favor of finding that Plaintiff has waived the assertion of this privilege or protection.[1]  Neither Plaintiff's

---

[1] The Court notes that it is somewhat unclear whether the specific analysis articulated in *Burlington* also applies to assertions of privilege or work product protection in responses to interrogatories, but, to the extent it does, the *Burlington* factors weigh in favor of finding Plaintiff has waived the assertion of this protection.

ORDER GRANTING IN PART AND DENYING
WITHOUT PRJEUDICE IN PART DEFENDANT'S
MOTION TO COMPEL AND FOR EXPENSES - 7

objections to Defendant's interrogatory nor his opposition to the instant motion give sufficient details regarding the contents of the information requested such that Defendant or the Court can assess the claim of privilege or protection; Plaintiff has provided no indication as to the magnitude of the information he would be required to provide; and there is no cognizable reason why Plaintiff could not provide more specific information supporting his claim of privilege or protection.

Furthermore, as discussed below, Plaintiff indicates in his response to Defendant's motion to compel responses to Requests for Production A-K, which include requests for documents relied upon in responding to Plaintiff's Interrogatory requests 2, 4, 6, 14, 15, 16(c), and 17, that Defendant Island County is already in possession of these records as they are included in the records from his criminal case or have already been attached to motions and pleadings in this case.  Dkt. 83.  Thus, if the documents themselves that Defendant asks Plaintiff to identify are in fact already in Defendant's possession, as Plaintiff asserts, it is unclear how that information would be considered privileged or protected as work product.

Accordingly, Defendant's motion to compel is granted.  Plaintiff's objection is overruled. On or before **December 22, 2021**, Plaintiff is directed to provide responses to the Interrogatory that are currently available to him and, if additional information is discovered following his disclosure, Plaintiff must supplement his response in conformity with Fed. R. Civ. P. 26(e).

**<u>Interrogatory 3</u>:**

"Identify each and every witness whom you may call, or whom you plan to call, to establish that the Island County Correctional Facility had or maintained an official practice or policy of denying any and all items printed off the internet to inmates in its custody."

//

**Response:**

"Objection.  Same as no. 2."

**Ruling:**

For the same reasons stated in the Court's Ruling on Interrogatory No. 1, Defendant's motion to compel is granted and Plaintiff's objection is overruled.  On or before **December 22, 2021**, Plaintiff is directed to provide responses to the Interrogatory that are currently available to him and, if additional information is discovered following his disclosure, Plaintiff must supplement his response in conformity with Fed. R. Civ. P. 26(e).

**<u>Interrogatory 4</u>:**

"Identify all evidence, whether documentary or testimonial, upon which you rely, or upon which you will rely, in establishing that any policy or practice identified in response to Interrogatory No. 2 was 'interpreted as applying to all internet print-outs' as alleged in Paragraph 1.4 of your Complaint."

**Response:**

"Same objection."

**Ruling:**

For the same reasons stated in the Court's Ruling on Interrogatory No. 1, Defendant's motion to compel is granted and Plaintiff's objection is overruled.  On or before **December 22, 2021**, Plaintiff is directed to provide responses to the Interrogatory that are currently available to him and, if additional information is discovered following his disclosure, Plaintiff must supplement his response in conformity with Fed. R. Civ. P. 26(e).

//

//

**Interrogatory 5:**

"Identify each and every witness whom you may call, or whom you plan to call, to establish that the any policy or practice identified in response to Interrogatory No. 2 was 'interpreted as applying to all internet print-outs' as alleged in Paragraph 1.4 of your Complaint."

**Response:**

"Same objection."

**Ruling:**

For the same reasons stated in the Court's Ruling on Interrogatory No. 1, Defendant's motion to compel is granted and Plaintiff's objection is overruled.  On or before **December 22, 2021**, Plaintiff is directed to provide responses to the Interrogatory that are currently available to him and, if additional information is discovered following his disclosure, Plaintiff must supplement his response in conformity with Fed. R. Civ. P. 26(e).

**Interrogatory 6:**

"Identify by name and date each and every document, publication, treatise, book, article, record, or printed material which you allege that you purchased, ordered, or procured, but to which you were nonetheless denied access as a result of any policy or practice alleged in Count 1 of your Complaint."

**Response:**

"Objection.  Irrelevant.  And not likely to lead to admissible evidence. Likely your foundation for smoke and mirrors."

**Ruling:**

Defendant's motion to compel is granted and Plaintiff's objection is overruled.  In his response to Defendant's motion, Plaintiff argues this information is irrelevant because he

1  "already told the Court there was none in 2018." Dkt. 83, at 11.  Plaintiff also states that "if

2  there were any in 2011-2013, the defense already possesses any mail rejection notices that would

3  provide info because the defense provided them in my last lawsuit against them." *Id.*  Plaintiff

4  also states that his copies of these mail rejection notices are stored, and he would have to obtain

5  them, but that they wouldn't provide the specific information sought in Interrogatory 6.  *Id.*

6        The question of what materials Plaintiff is alleging he was denied access to is relevant to

7  the issue of whether Defendant maintained an official practice or policy of denying all items

8  printed off the internet to inmates in its custody, which is central to Plaintiff's claim.  *See* Fed. R.

9  Civ. P. 26(b).  Accordingly, on or before **December 22, 2021**, Plaintiff is directed to provide

10  responses to the Interrogatory that are currently available to him and, if additional information is

11  discovered following his disclosure, Plaintiff must supplement his response in conformity with

12  Fed. R. Civ. P. 26(e).

13  **<u>Interrogatory 8</u>:**

14        Identify each and every document, publication, treatise, book, article, record, or printed

15  material to which you were granted access, whether in your cell or in the prison law library,

16  during your incarceration at the Island County Correctional Facility in May and June 2018.

17  **Response:**

18        "Objection, work product, all articles, printouts, etc. that I had were for my criminal case

19  no. 11-1-00181-5.  I was pro se."

20  **Ruling:**

21        For the same reasons stated in the Court's Ruling on Interrogatory No. 1, Defendant's

22  motion to compel is granted and Plaintiff's objection is overruled.  The Court notes that Plaintiff

23  provides slightly more explanation for the basis for his assertion that the information sought is

1    "work product", than with respect to his other interrogatories.  Plaintiff claims that the

2    documents sought were "for his criminal case" in which he was proceeding *pro se*.  But it is

3    difficult to ascertain how a list of documents originally created by someone other than Plaintiff

4    for purposes other than Plaintiff's criminal defense, on its own, without notes or analysis from

5    Plaintiff, could conceivably fall under the work product doctrine.  Plaintiff fails to describe the

6    nature of the information sufficiently for the Court or the Defendant to assess his claim that the

7    information is privileged or otherwise protected.  Accordingly, on or before **December 22, 2021**,

8    Plaintiff is directed to provide responses to the interrogatory that are currently available to him

9    and, if additional information is discovered following his disclosure, Plaintiff must supplement

10   his response in conformity with Fed. R. Civ. P. 26(e).

11        *b.    Requests for Production*

12        A party may serve on any other party a request within the scope of Rule 26(b) to produce

13   and permit the requesting party or its representative to inspect, copy, test, or sample the

14   following items in the responding party's possession, custody or control: any designated

15   documents or tangible things. Fed.R.Civ.P. 34(a)(1) (quotation marks omitted).  "Property is

16   deemed within a party's 'possession, custody, or control' if the party has actual possession,

17   custody, or control thereof or the legal right to obtain the property on demand."  *Allen v.*

18   *Woodford*, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan.30, 2007)

19   (citing *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995)).

20        "In responding to discovery requests, a reasonable inquiry must be made, and if no

21   responsive documents or tangible things exist, Fed.R.Civ.P. 26(g)(1), the responding party

22   should so state with sufficient specificity to allow the Court to determine whether the party made

23   a reasonable inquiry and exercised due diligence, *Uribe v. McKesson,* No. 08cv1285 DMS

(NLS), 2010 WL 892093, at *2–3 (E.D.Cal. Mar. 9, 2010)." *Simmons v. Adams*, No. 1:10-CV-01259-LJO, 2013 WL 2995274, at *4 (E.D. Cal. June 14, 2013). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must also so state with specificity. *Id.*; *Ochotorena v. Adams*, No. 1:05–cv–01525–LJO–DLB (PC), 2010 WL 1035774, at *3–4 (E.D.Cal. Mar. 19, 2010). Boilerplate objections do not suffice. *Id.*; Fed.R.Civ.P. 34(b)(2)(B), (C); *Burlington*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Defendant's Requests for Production are set out below:

**Request for Production A:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 1 above."

**Request for Production B:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 2 above."

**Request for Production C:**

"Produce for inspection and copying any written policy or policies the implementation or enforcement of which you allege violated your right to free speech under Count 1 of your Complaint."

**Request for Production D:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 4 above."

//

//

//

ORDER GRANTING IN PART AND DENYING
WITHOUT PRJEUDICE IN PART DEFENDANT'S
MOTION TO COMPEL AND FOR EXPENSES - 13

**Request for Production E:**

"Produce for inspection and copying any and all receipts, orders, invoices, or documentation of any document, publication, treatise, book, article, record, or printed material identified in response to Interrogatory No. 6 above."

**Request for Production F:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 6 above."

**Request for Production G:**

"Produce for inspection and copying any and all statements, declarations, or affidavits identified in response to Interrogatory No. 14 above."

**Request for Production H:**

"For any witness identified in response to Interrogatory No. 15 above, provide all résumés, curriculum vitae, contracts, billings, payment records, and records provided to or received from, the expert, and copies of all reports your expert(s) may have produced in this case."

**Request for Production I:**

"Produce for copying and inspection any and all documents identified or relied upon in responding to Interrogatory No. 16(c) above."

**Request for Production J:**

"Produce for copying and inspection any judgment and sentence identified or relied upon in responding to Interrogatory No. 17 above."

//

//

ORDER GRANTING IN PART AND DENYING
WITHOUT PRJEUDICE IN PART DEFENDANT'S
MOTION TO COMPEL AND FOR EXPENSES - 14

**Request for Production K:**

   "Produce for copying and inspection any and all exhibits upon which you will rely, or which you will offer into evidence, at trial in this matter."

**Responses:**

   In response to all of Defendant's Requests for Production, Plaintiff objects generally on the grounds that he does not have the funds for copies or postage.  Dkt. 79, at 23-25.  He argues he receives a paycheck of $24.50 per month after deductions and that he should not have to pay for copies and postage when he has so little money.  *Id.*  Plaintiff also indicates that he "incorporate[s] the same objections from respective interrogatories."  *Id.*  Plaintiff also indicates that Defendant is already in possession of some of the items requested.  *Id.*

   In responding to Defendant's motion, Plaintiff raises the same or similar objections to those raised in his responses to Defendant's discovery requests.  Dkt. 83.  However, Plaintiff also argues that Defendant's motion should be denied as moot with respect to the Requests for Production because Defendant is already in possession of the documents requested because they are part of the records from Plaintiff's criminal case and that the other items have also already been attached to motions and pleadings, etc. in this case or are already in possession of the defense.  *Id.*  Plaintiff also attempts to supplement his responses to Defendant's discovery requests stating that "all witnesses I might call are in Interrogatory 1 or incorporated therein."  And, "[a]ll evidence I might present is already listed in complaint, attached to filings, in Island County possession, or are public records of Island County, or court records in Island County, State Appeals/Supreme, or Western District."  *Id.*

//

//

1  **Ruling:**

2      With respect to Plaintiff's objections that he "incorporates the same objections from

3  respective interrogatories" those objections are overruled for the same reasons they were

4  overruled with respect to Plaintiff's respective interrogatories.  However, because Plaintiff

5  asserts that Defendant is already in possession of all of the documents requested in the Requests

6  for Production, and in light of Plaintiff's objection to the costs of copying and postage if he is

7  required to send copies of these documents to Defendants, further information is necessary for

8  the Court to determine whether Plaintiff should be compelled to produce the documents

9  themselves.

10      Accordingly, Defendant's motion with respect to its Requests for Production is

11  GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART WITH LEAVE TO

12  RENEW.  On or before **December 22, 2021**, Plaintiff is directed to provide information to

13  Defendant *specifically* identifying the responsive documents that correlate to every request for

14  production and *specifically* identifying where the Defendant can locate them amongst the

15  documents Plaintiff alleges are in Defendant's possession.  If Plaintiff fails to provide the

16  supplemental information as directed, or if the information provided fails to resolve the issue,

17  Defendant may renew its motion to compel with respect to any Requests for Production that

18  remain unresolved.

19      c.      *Defendant's Request for Reasonable Expenses*

20      Defendant requests that it be awarded reasonable expenses in the amount of $500.00 for

21  preparation of the motion to compel, and an additional $800 for preparation of its reply to the

22  motion, for a total of $1,300.00.  Dkts. 78, 85.  Fed. R. Civ. P. 37(a)(5) provides:

23      (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the
        motion is granted--or if the disclosure or requested discovery is provided after the motion
        was filed--the court must, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

[…]

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

As noted above, the Court has denied a portion of Defendant's motion to compel without prejudice and with leave to renew pending clarification from Plaintiff regarding the identification and location of documents alleged to be in Defendant's possession.  As such, the Court is unable to fully and properly evaluate whether it is appropriate to award Defendant expenses until the outstanding issue regarding Defendant's Requests for Production is resolved.

Accordingly, Defendant's request for reasonable expenses is also DENIED WITHOUT PREJUDICE and with leave to renew.  Defendant may renew its motion for reasonable expenses incurred in preparing the instant motion either: (1) when Plaintiff has provided the additional information as directed by the Court, or; (2) when Defendant renews its motion to compel with respect to any Requests for Production that remain unresolved by the additional information provided by Plaintiff.

<u>CONCLUSION</u>

Defendant's motion to compel and for reasonable expenses, Dkt. 78, is GRANTED IN PART and DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW IN PART.

On or before **December 22, 2021**, Plaintiff is directed to provide responses to Interrogatories Nos. 2-6, and 8, that are currently available to him and, if additional information

is discovered following his disclosure, Plaintiff must supplement his response in conformity with Fed. R. Civ. P. 26(e).

On or before **December 22, 2021**, Plaintiff is directed to provide information to Defendant *specifically* identifying the responsive documents that correlate to every request for production and *specifically* identifying where the Defendant can locate them amongst the documents Plaintiff alleges are in Defendant's possession.  If Plaintiff fails to provide the supplemental information as directed, or if the information provided fails to resolve the issue, Defendant may renew its motion to compel with respect to any Requests for Production that remain unresolved.

Defendant's request for reasonable expenses is denied without prejudice and with leave to renew.  Defendant may renew its motion for reasonable expenses incurred in preparing the instant motion either: (1) when Plaintiff has provided the additional information as directed by the Court, or; (2) when Defendant renews its motion to compel with respect to any Requests for Production that remain unresolved by the additional information provided by Plaintiff.

The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 30th day of November, 2021.

S. KATE VAUGHAN
United States Magistrate Judge