UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA D. LAMBERT,

           Plaintiff,

   v.

ROBERT S. MCKAY et al.,

           Defendant.

Case No. C19-1829-BJR-SKV

ORDER DENYING MOTION TO STAY PROCEEDINGS AND EXTENDING DEADLINES

      Plaintiff, Joshua D. Lambert, proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983. By Order dated November 30, 2021, this Court granted in part Defendants' motion to compel and directed Plaintiff to supplement his responses to certain discovery requests by December 22, 2021. Dkt. 85. Plaintiff now moves to stay the action pending the District Judge's consideration of his Rule 72 objections to the undersigned's November 30, 2021, Order. Dkt. 86. Subsequently, on December 16, 2021, Plaintiff filed his objections to the undersigned's November 30, 2021, order under Rule 72. Dkt. 88. Plaintiff's objections are now pending before the Hon. Barbara J. Rothstein. Dkt. 88. Defendants oppose Plaintiff's motion to stay proceedings on the grounds that Plaintiff's Rule 72 objections are untimely and that, regardless, Plaintiff provides no valid basis to stay the proceedings. Dkt. 87.

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court does not find that a stay of proceedings is necessary or appropriate under the circumstances here but does find that an extension of the upcoming deadlines is appropriate to allow Judge Rothstein the opportunity to consider Plaintiff's recently filed Rule 72 objections.

Accordingly, the Court hereby ORDERS:

(1) Plaintiff's motion for a stay of proceedings, Dkt. 86, is DENIED.

(2) The deadline for Plaintiff to file his supplemental discovery responses is extended to **February 16, 2022**, and the dispositive motions deadline is extended to **March 2, 2022**.

//

//

//

(3) The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 20th day of December, 2021.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge