UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA D. LAMBERT,<br><br>               Plaintiff,<br><br>   v.<br><br>ROBERT S. MCKAY, et al.,<br><br>               Defendant. | Case No. C19-1829-BJR-SKV<br><br>ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR SANCTIONS |

       This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently pending before the Court is Defendant Island County's renewed motion to compel responses to several Interrogatories and Requests for Production or, alternatively, for sanctions under Fed. R. Civ. P. 37(b)(2)(A), and to award reasonable expenses to Defendant pursuant to Fed. R. Civ. P. 37(b)(2)(C). Dkt. 91. Defendant also requests an extension of the dispositive motion deadline. *Id.* Plaintiff has filed a response and Defendant has filed a reply. Dkts. 95, 97. Also pending before the Court is Plaintiff's "motion for inherent authority sanctions." Dkt. 99. Defendant has filed a response to that motion. Dkt. 100.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court GRANTS IN PART and DENIES IN PART Defendant's motion, Dkt. 91, and DENIES Plaintiff's motion, Dkt. 99.

## BACKGROUND

Plaintiff and Defendants previously filed motions seeking judgment on the pleadings. Dkts. 16 & 40. In a Report and Recommendation dated November 9, 2020, the Honorable Mary Alice Theiler recommended that Plaintiff's motion for a partial judgment on the pleadings, Dkt. 16, be denied and Island County Defendants' motion for a judgment on the pleadings, Dkt. 40, be granted and that the complaint be dismissed with prejudice as to all federal constitutional claims and without prejudice as to Plaintiff's state law claims. Dkt. 53. By order dated May 21, 2021, the Honorable Barbara J. Rothstein adopted in part and declined to adopt in part Judge Theiler's Report and Recommendation. Dkt. 67. Judge Rothstein stated:

> The Court […] adopts the recommendations of the R&R except as follows: Defendants' Motion for Judgment on the Pleadings for dismissal of Count 1 is denied. Plaintiff's Motion for Judgment on the Pleadings on Count 1 is also denied. For the reasons outlined herein and in the R&R, all other claims in the Complaint are dismissed.
> The Court re-refers this case to the magistrate judge for further proceedings consistent with this order.

*Id.*

In her May 21, 2021, order, Judge Rothstein summarized Plaintiff's allegations in the remaining Count 1 of the complaint as follows:

> In Count 1 of the Complaint, Plaintiff asserts that his "right to speech was violated because of a jail policy that forbade any and all speech items printed off the internet, . . . whether or not there was a legitimate penological interest." Compl., ¶ 1.1, Dkt. No. 6. The Complaint refers to the ICCF Inmate Manual, Appendix B, "6.1.0 Incoming Mail," which provides, in part, "Books, magazines, and newspapers will be accepted if it [*sic*] comes directly from the Publisher, Book Club, or retailer through the mail. . . . Computer generated (downloaded material) books, magazines, photos, and newspapers will not be accepted." *Id.*, ¶ 1.6; *see also* Suppl. Ex., Dkt. No. 37, at 11.

> The Plaintiff alleges that despite the written policy being limited on its face to books and other specific types of "downloaded material" from the internet, Defendants' practice is in fact to prohibit "all internet print-outs." Compl., ¶ 1.4 ("This was confirmed to me by many [at] ICCF, and at least [Defendant] Lt. Becker."). Plaintiff concedes that he has "received permission for legal related print outs from the internet," but claims that this exception does not cure other defects in the practice, under which he does "not have access to print outs related to my mental health and other types of reading in general." *Id*., ¶ 1.10.

*Id.* at 5. Judge Rothstein also explained her decision denying both parties' motions for judgment on the pleadings with respect to Count 1 of the complaint, stating:

> [I]t remains unclear from the record what Defendants' actual *practice* is regarding "internet printouts." Under *Monnell* [sic] *v. Department of Social Services of New York*, municipalities "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." 436 U.S. 658, 690–91 (1978). Furthermore, Defendants' assertion that "publications, magazines or newspapers" must come directly from the publisher does not answer the question of what the jail's policy or practice is towards other types of materials (*e.g.*, photographs, letters, unpublished written materials) printed from the internet. It is not possible to rule on the constitutionality of a policy or practice— in favor of either party—where the contours of that policy or practice (and not just the as-written "official policy") are in dispute and have not been clearly articulated to the Court.

*Id.* at 6-7.

Defendant previously moved to compel responses from Plaintiff with respect to Interrogatories Nos. 2-6 and 8. Dkt. 78. In his original responses to these Interrogatories, Plaintiff objected primarily on the grounds that he did not have to provide the information requested, the information was irrelevant and/or argued the information was "work product." *See* Dkt. 79, Ex. B & Dkt. 85. With respect to the Requests for Production, Plaintiff originally responded that he objected generally on the grounds that he did not have the funds for copies or postage, he incorporated the same objections from the respective Interrogatories, and he indicated Defendant was already in possession of the documents requested because they are part of the records from Plaintiff's criminal case and that the other items have also already been

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 3

attached to motions and pleadings, etc. in this case or are already in possession of the defense. *Id.*; Dkt. 83.

By order dated November 30, 2021, the Court granted in part and denied without prejudice in part Defendant's motion to compel. Dkt. 85. Specifically, the Court ordered:

> On or before **December 22, 2021**, Plaintiff is directed to provide responses to Interrogatories Nos. 2-6, and 8, that are currently available to him and, if additional information is discovered following his disclosure, Plaintiff must supplement his response in conformity with Fed. R. Civ. P. 26(e).
>
> On or before **December 22, 2021**, Plaintiff is directed to provide information to Defendant *specifically* identifying the responsive documents that correlate to every request for production and *specifically* identifying where the Defendant can locate them amongst the documents Plaintiff alleges are in Defendant's possession. If Plaintiff fails to provide the supplemental information as directed, or if the information provided fails to resolve the issue, Defendant may renew its motion to compel with respect to any Requests for Production that remain unresolved.
>
> Defendant's request for reasonable expenses is denied without prejudice and with leave to renew. Defendant may renew its motion for reasonable expenses incurred in preparing the instant motion either: (1) when Plaintiff has provided the additional information as directed by the Court, or; (2) when Defendant renews its motion to compel with respect to any Requests for Production that remain unresolved by the additional information provided by Plaintiff.

*Id.*

Plaintiff filed an objection to the Court's order under Fed. R. Civ. P. 72 to the extent it directed him to further respond to Interrogatories Nos. 2, 5, and 8. *See* Dkt. 88. On March 2, 2022, Defendant filed this renewed motion to compel. Dkt. 91. On March 11, 2022, Judge Rothstein overruled Plaintiff's objections to the Court's order with respect to Interrogatories Nos. 2 and 5, but ruled Plaintiff was not required to further respond to Interrogatory No. 8. Dkt. 93. On April 5, 2022, Plaintiff filed his "motion for inherent authority sanctions." Dkt. 99.

///

DISCUSSION

A.  **Defendant's Renewed Motion to Compel**

Defendant renews its motion to compel responses from Plaintiff with respect to Interrogatories Nos. 2-6 and 8, and with respect to Requests for Production A-K. Dkt. 91. Defendant indicates that it received supplemental responses from Plaintiff to the Interrogatories and Requests for Production on December 29, 2022. Dkts. 91 & 92. However, Defendant argues that, with respect to the supplemental Interrogatory responses, Plaintiff provided "scant additional information and instead attempted to assert new objections not raised previously." Dkt. 91 at 3. Defendant also indicates Plaintiff's supplemental responses to Defendant's Requests for Production provided "only a three-page narrative describing vast classes of documents while failing to provide specific responses to specific requests as directed by the Court's November 30, 2021 order." *Id.*

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Once the party seeking to compel discovery has established the request meets the relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. C07-200, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted). When a party believes the responses to their discovery requests are incomplete, or

contain unfounded objections, they may move the court for an order compelling disclosure. *Lough v. Washington State Dep't of Soc. & Health Servs.*, No. C20-5894-JCC-DWC, 2021 WL 3630505, at *2 (W.D. Wash. Aug. 17, 2021); Fed. R. Civ. P. 37. The movant must show they conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

      a.     *Interrogatories*

An interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. *Id.* Parties are required to respond to interrogatories to the fullest extent possible under oath. Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party should use common sense and reason in responding to interrogatories. *See Collins v. Wal–Mart Stores, Inc.*, No. 06–2466, 2008 WL 1924935, at *8 (D.Kan. Apr. 30, 2008). While a responding party is not generally required to conduct extensive research to answer an interrogatory, a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, Civ. No. S–06–2042, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). The responding party also has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Here, Defendant renews its request to compel further responses to Interrogatories Nos. 2-6, and 8. Dkt. 91. The relevant Interrogatories, supplemental responses, and the Court's rulings are set forth below:

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 6

**Interrogatory 2:**

"Identify all evidence, whether documentary or testimonial, upon which you rely, or upon which you will rely, in establishing that the Island County Correctional Facility had or maintained an official practice or policy of denying any and all items printed off the internet to inmates in its custody."  Dkt. 92, Ex. A.

**Supplemental Response:**

> Inmate Handbook; grievance documents; possibly things written by ICCF staff in my inmate file and mail rejections that I obtained in discovery from defendant in Lambert v. Dennis from my 2011-2013 file at ICCF; VRP transcript and filings from my criminal case 11-1-00181-5; the grievance documents that I cited in complaint and 12(c) motions and summary judgment motions.  All witnesses in Interrogatory #1.
>
> These records have relevant information that supports my conclusion, but, I have not actually completely decided what I will present at trial.  Which is an improper question anyways, when I ask for witness lists and the attorney general objects its forbidden, but when this government's attorney asks for them its allowed.
>
> See also 1st supplemental discovery.

*Id.*, Ex. B.

**Interrogatory 3:**

"Identify each and every witness whom you may call, or whom you plan to call, to establish that the Island County Correctional Facility had or maintained an official practice or policy of denying any and all items printed off the internet to inmates in its custody."  Dkt. 92, Ex. A.

**Supplemental Response:**

"I may call myself, defense counsels, and anyone mentioned in No. 1 response and my 1st supplemental responses.  All the work addresses are PO Box 5000, Coupeville, WA 98239.  This question is improper, and premature."  *Id.*, Ex. B.

**Ruling on Interrogatories 2 & 3:**

Defendant's renewed motion to compel is denied with respect to Interrogatories Nos. 2 and 3. Despite Defendant's assertion that Plaintiff provided "scant additional information", Plaintiff's supplemental responses provide significantly more information than previously provided and Defendant fails to identify how, exactly, the information provided is insufficient. Defendant cites generally to the fact that in some of Plaintiff's responses he included a statement indicating that he still believes the Interrogatory is improper. But this statement does not negate the fact that Plaintiff did, in fact, provide a response. Absent a more specific challenge to the sufficiency of Plaintiff's response, and based on its own review of the response, the Court has no reason to question that Plaintiff has responded to the Interrogatories to the fullest extent possible based on the information currently available to him. Plaintiff is advised, however, that if additional information is discovered, he must supplement his responses in conformity with Fed. R. Civ. P. 26(e).

**Interrogatory 4:**

"Identify all evidence, whether documentary or testimonial, upon which you rely, or upon which you will rely, in establishing that any policy or practice identified in response to Interrogatory No. 2 was 'interpreted as applying to all internet print-outs' as alleged in Paragraph 1.4 of your Complaint." Dkt. 92, Ex. A.

**Supplemental Response:**

"Any person or document, I may rely on, that is cited in my discovery responses. This question is improper and premature." *Id.*, Ex. B.

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 8

**Ruling:**

Defendant's renewed motion to compel is denied for the same reasons provided in the Court's ruling on Interrogatories Nos. 2 and 3. The Court additionally notes that while Plaintiff's response is general, Defendant's inquiry appears to go to the heart of the remaining issue in this case. Thus, the Court cannot necessarily conclude, at least without additional explanation and argument from Defendant, that Plaintiff's reference to the other documents and witness information he has provided in his other discovery responses is an insufficient response. Moreover, the Court notes that Plaintiff clarifies in his response to Defendant's motion that his response intended to incorporate or refer more specifically to the same responses he previously provided to Interrogatories Nos. 1 and 2. *See* Dkt. 95 at 4.

**Interrogatory 5:**

"Identify each and every witness whom you may call, or whom you plan to call, to establish that the any policy or practice identified in response to Interrogatory No. 2 was 'interpreted as applying to all internet print-outs' as alleged in Paragraph 1.4 of your Complaint."

**Supplemental Response:**

"Incorpate [sic], see above."

**Ruling:**

The Court interprets Plaintiff's response as attempting to incorporate the same response provided to Interrogatory No. 4. Plaintiff's response to Defendant's motion appears to confirm this interpretation.[1] *See* Dkt. 95. Accordingly, Defendant's renewed motion to compel is denied for the same reasons stated in the Court's ruling on Interrogatory No. 4.

---

[1] To the extent this was not Plaintiff's intent he should supplement this response and clarify his intent.

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 9

**Interrogatory 6:**

"Identify by name and date each and every document, publication, treatise, book, article, record, or printed material which you allege that you purchased, ordered, or procured, but to which you were nonetheless denied access as a result of any policy or practice alleged in Count 1 of your Complaint." Dkt. 92, Ex. A.

**Supplemental Response:**

"In 2018 none, I knew the rule so I did not order any, the district judge already ruled that this is still an available claim, [s]he said it was a chilling effect." *Id.*, Ex. B.

**Ruling:**

Defendant's renewed motion to compel is denied for the same reasons provided in the Court's ruling on Interrogatories Nos. 2 and 3. Plaintiff's claims relate to a period in 2018 and he has provided a sufficient response with respect to the period to which his claims relate. However, to the extent in this action Plaintiff intends to rely on his experience with the subject policy prior to 2018 as a basis for why he "knew" the policy in 2018, he must supplement his response to the Interrogatory to provide the information requested regarding his experience with the policy prior to 2018.

**Interrogatory 8:**

"Identify each and every document, publication, treatise, book, article, record, or printed material to which you were granted access, whether in your cell or in the prison law library, during your incarceration at the Island County Correctional Facility in May and June 2018." Dkt. 92, Ex. A.

**Supplemental Response:**

In 2018 at ICCF I received zero of those items in the mail printed off the internet. Those types of items I already possessed or were law library materials. You do

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 10

> not have my consent to find out what I read for my criminal case, also I'm appealing. But this item is referring to items off the internet and through the mail, so there was none of that. The psychology textbook in my other claim was not printed off the internet, it was bound and controlled by a different policy.

*Id.*, Ex. B.

**Ruling:**

Defendant's motion to compel is denied. Pursuant to Judge Rothstein's March 11, 2022 order, Plaintiff is not required to provide any further response.

  b.  *Requests for Production*

A party may serve on any other party a request within the scope of Fed. R. Civ. P. 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or electronically stored information, or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. C05–1104, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) (quoting *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995)).

"In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson,* No. [C08-]1285, 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010)." *Simmons v. Adams*, No. C10-01259, 2013 WL 2995274, at *4 (E.D. Cal. June 14, 2013). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must also so state with specificity. *Id.* (citing *Ochotorena v. Adams*, No. C05–01525, 2010 WL 1035774, at *3–4 (E.D. Cal. Mar.

19, 2010)). Boilerplate objections do not suffice. *Id.*; Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Defendant's Requests for Production, Plaintiff's supplemental response, and the Court's ruling, are set out below:

**Request for Production A:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 1 above." Dkt. 92, Ex. A.

**Request for Production B:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 2 above." *Id.*

**Request for Production C:**

"Produce for inspection and copying any written policy or policies the implementation or enforcement of which you allege violated your right to free speech under Count 1 of your Complaint." *Id.*

**Request for Production D:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 4 above." *Id.*

**Request for Production E:**

"Produce for inspection and copying any and all receipts, orders, invoices, or documentation of any document, publication, treatise, book, article, record, or printed material identified in response to Interrogatory No. 6 above." *Id.*

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 12

**Request for Production F:**

"Produce for inspection and copying any and all documents identified or relied upon in responding to Interrogatory No. 6 above." *Id.*

**Request for Production G:**

"Produce for inspection and copying any and all statements, declarations, or affidavits identified in response to Interrogatory No. 14 above." *Id.*

**Request for Production H:**

"For any witness identified in response to Interrogatory No. 15 above, provide all résumés, curriculum vitae, contracts, billings, payment records, and records provided to or received from, the expert, and copies of all reports your expert(s) may have produced in this case." *Id.*

**Request for Production I:**

"Produce for copying and inspection any and all documents identified or relied upon in responding to Interrogatory No. 16(c) above." *Id.*

**Request for Production J:**

"Produce for copying and inspection any judgment and sentence identified or relied upon in responding to Interrogatory No. 17 above." *Id.*

**Request for Production K:**

"Produce for copying and inspection any and all exhibits upon which you will rely, or which you will offer into evidence, at trial in this matter." *Id.*

**Supplemental Response:**

In apparent response to all of Defendant's Requests for Production, Plaintiff states:

- All grievance related and grievance documents from 2018 regarding the internet policy/protocol in the inmate handbook.  I cited these in complaint and attached to the dispositive motions and filings and 12(c) motion.
- The Inmate Handbook (manual)
- There may be items written by ICCF in my inmate file and mail rejections I got in discovery from you in Lambert v. Dennis last time I sued.  The inmate handbook I rec[ei]ved in Discovery was still the same copy/version when I went back in 2018.
- The trial record and VRP transcripts from St. v. Lambert, no. 11-1-00181-5, at Island County, which has over 1700 filings and 20,000 pages (per court staff).  It was talked about in the VRP between 2011-2013, I don't remember exact dates, I will try to supplement.  These can be found in hearings and filings related to my legal access at the jail (ICCF), subpoenas, subpoena deuces tecums, funding motions for P.I., and maybe my conspiracy accusation motions.  I remember an incident where my mom brought a stack of legal research articles off the internet to the court and I motioned the Judge Churchill to order the staff to let me have them, she granted it, the prosecutor Gregory Banks was there.
- These records are voluminous and I don't know the exact page numbers, so I will likely supplement.  Defense at least effectively possesses these because they [are] Island County court records and the defendant is Island County.  A thumb drive of them is $20.00 at the Island County Courthouse, and $8 from prosecutor, probably free to defense counsel.  The titles on docket are generic and most aren't my exact titling.
- I don't have any invoices, etc.
- The Clement caselaw I cited in 12(c).
- The County has possession of my Judgment and Sentence (11-1-00181-5), as its [sic] from their court.  A bunch of J and Ss were attached either to it or its corresponding sentencing memorandum by prosecutor Gregory Banks, also the pre-sentence investigation report (PSI) for mental illness has criminal history (but I think it had errors), also the forensic report by the state in 11-1-00181-5 by Brian Judd has a bunch of criminal history including arrests and misdemeanors.  I don't contend its 100% correct but its [sic] at least almost (Judd report), but I'm just referring to his lengthy list of criminal history.
- I will supplement with records if I think of some or find some.

*Id.*, Ex. B.

**Ruling:**

Defendant's motion to compel is granted in part and denied in part.  It appears to the Court that Plaintiff is acting in good faith in responding to Defendant's requests and in attempting to comply with the Court's prior discovery order.  Plaintiff has provided significantly

more specific information regarding the relevant documents he intends to rely upon and their location in the records.[2] Plaintiff asserts these documents should already be in Defendant's possession and Defendant does not appear to dispute this assertion. The nature and specificity of the information identifying the relevant documents provided by Plaintiff appears to the Court to be sufficient to satisfy Plaintiff's obligation at this point. However, there remains a lack of clarity in connecting specific responses to each of Defendant's Requests for Production which makes it difficult for the Defendant or the Court to fully discern if Plaintiff has, in fact, properly and completely responded to each request. Accordingly, on or before **June 30, 2022**, Plaintiff is directed to further supplement his responses by clarifying which information in his response corresponds to each of Defendant's Requests for Production.[3]

    c.    *Defendant's Alternative Request for Sanctions and Request for Reasonable Expenses*

Defendant alternatively requests that the Court impose sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) based upon Plaintiff's failure to comply with the Court's November 30, 2021, discovery order. Dkt. 91 at 1. Federal Rule of Civil Procedure 37(b)(2)(A) lists potential sanctions the Court may order where a party fails to obey a discovery order. The statute provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[2] The Court notes that Plaintiff cites to some records and transcripts from his criminal case which are voluminous and indicates he does not remember certain exact dates or page numbers, "so I will likely supplement." Dkt. 92, Ex. B. To the extent Plaintiff obtains more specific information regarding page numbers and dates he should supplement his responses to provide this information to Defendant.

[3] The Court notes that, rather than redrafting his responses entirely, it may be sufficient for Plaintiff to simply add the Request for Production letter (A-K) to each corresponding existing response. However, Plaintiff is advised that he must clearly provide a response to every individual Request for Production.

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 15

>    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>    (iii) striking pleadings in whole or in part;
>    (iv) staying further proceedings until the order is obeyed;
>    (v) dismissing the action or proceeding in whole or in part;
>    (vi) rendering a default judgment against the disobedient party; or
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

As discussed above, except for the lack of clarity in connecting specific responses to each of Defendant's Requests for Production, it appears to the Court that Plaintiff has, for the most part, complied with the Court's discovery orders and provided adequate supplemental responses to Defendant's discovery requests. With respect to the Requests for Production, the Court does not view Plaintiff's response as an intentional attempt to evade the Court's order. Further, the Court has granted Defendant's renewed motion to compel in part and directed Plaintiff to further supplement his responses by clarifying which information in his response corresponds to each of Defendant's Requests for Production. The Court does not find that any sanctions under Fed. R. Civ. P. 37(b)(2)(A) are warranted under the circumstances.

The Court notes that Defendant also requests that it be awarded attorney's fees incurred in preparing the original motion to compel and the renewed motion to compel. Dkts. 91 & 92. Defendant's counsel indicates he spent 6.5 hours preparing the original motion and 6 hours preparing the instant motion. Dkt. 92. Counsel further indicates his billing rate is $200 per hour and, as such, requests the Court award Defendant a total of $2,500.00, which he avers constitutes the reasonable expenses incurred in bringing the motions. *Id.*

Federal Rule of Civil Procedure 37(a)(5) addresses the circumstances where payment for expenses and protective orders are warranted in the context of motions for an order compelling disclosure or discovery. The statute provides, in relevant part:

> (C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(C). Furthermore, Fed. R. Civ. P. 37(b)(2)(C) addresses the circumstances under which payment of expenses may be warranted as a sanction for failure to obey a discovery order. The statute provides:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

The Court notes that both the initial motion to compel and the renewed motion to compel were granted in part and denied in part. And, with respect to the renewed motion to compel, except for the lack of clarity in connecting specific responses to each of Defendant's Requests for Production, the Court has found Plaintiff's supplemental responses to be sufficient. For the most part, Plaintiff appears to the Court to be attempting to respond in good faith to Defendant's discovery requests and to comply with the Court's discovery orders. Under the circumstances, and in particular in light of Plaintiff's *pro se* status, the Court finds it appropriate for both sides to bear their own costs with respect to the motions. *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. C11-03471, 2017 WL 3116818, at *5 (E.D. Cal. July 21, 2017) (Rule 37(a)(5)(C) "confers substantial discretion on a court to determine how to apportion expenses"). Accordingly, Defendant's request for reasonable expenses and fees is denied.

ORDER ON DEFENDANT'S RENEWED
MOTION TO COMPEL AND PLAINTIFF'S
MOTION FOR SANCTIONS - 17

        *d.*       *Extension of Pretrial Deadlines*

Defendant also requests an extension of the dispositive motion deadline in this case in light of the instant motion and the outstanding discovery issues. Dkt. 92. Defendant's request is GRANTED. The pretrial scheduling order is amended as follows: (1) the discovery deadline is extended to **June 30, 2022**, solely for Plaintiff to supplement his response to Defendant's Requests for Production as detailed above, no further discovery requests should be served; (2) the dispositive motion deadline is extended to **August 1, 2022**.

**B.**    **Plaintiff's Motion for "Inherent Authority Sanctions"**

Plaintiff moves for sanctions against Defendant. Dkt. 99. Plaintiff avers defense counsel is "lying" to the Court, being disrespectful to Plaintiff, and acting in bad faith. *Id.* Plaintiff argues defense counsel is lying when he argues Plaintiff has not provided him the evidence to support Plaintiff's side of summary judgment, and points to various documents Plaintiff has provided in discovery. *Id.* Plaintiff also argues defense counsel is behaving disrespectfully in calling Plaintiff lazy for failing to provide more specific information in his discovery responses. *Id.* Plaintiff asks the Court to: "1) direct defense that the plaintiff is not their paralegal, and they are to do their own paralegal work"; "2) direct defense that their contentions must be reasonably based on reasonable interpretations of the facts, not merely a version that is the most favorable"; "3) direct defense to stop gaslighting." *Id.*

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).  Sanctions may be imposed pursuant to the federal court's inherent authority upon a finding of bad faith or conduct tantamount to bad faith.  *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002).

The Court declines to impose sanctions upon either party at this juncture.  It is clear there are significant disagreements between the parties regarding the sufficiency of Plaintiff's discovery responses.  However, the Court does not find at this time that either party's actions constitute bad faith or "conduct tantamount to bad faith."  The parties are instructed, however, that they should conduct themselves professionally in their interactions with one another.

## CONCLUSION

Defendant's renewed motion to compel or, alternatively, for sanctions under Fed. R. Civ. P. 37(b)(2)(A) and to award reasonable expenses to Defendant pursuant to Fed. R. Civ. P. 37(b)(2)(C), Dkt. 91, is GRANTED IN PART and DENIED IN PART.  Defendant's motion to compel is DENIED with respect to Interrogatories Nos. 2-6 and 8.  Defendant's motion to compel is GRANTED with respect to Requests for Production A-K.  On or before **June 30, 2022**, Plaintiff is directed to further supplement his responses to Defendant's Requests for Production by clarifying which information in his response corresponds to which of Defendant's Requests for Production.  Defendant's alternative request for discovery sanctions and request for reasonable expenses incurred in bringing the original motion to compel and the renewed motion to compel is DENIED.  Defendant's request to extend the dispositive motion deadline is GRANTED.  The pretrial scheduling order is amended as follows: (1) the discovery deadline is extended to **June 30, 2022**, solely for Plaintiff to supplement his response to Defendant's Requests for Production as detailed above, no further discovery requests should be served; (2) the dispositive motion deadline is extended to **August 1, 2022**.

Plaintiff's "motion for inherent authority sanctions", Dkt. 99, is DENIED.

The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 1st day of June, 2022.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge